```
                    FILED
               U.S. DISTRICT COURT
             EASTERN DISTRICT OF LA

              2001 JAN -2 PM 4: 07

              LORETTA G. WHYTE
                   CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY | * * * | CIVIL ACTION NO. 00-429 |
| | * * | SECTION "L" |
| VERSUS | * * | JUDGE FALLON |
| | * * | MAGISTRATE 2 |
| BRISTER'S THUNDER KARTS, INC. | * * | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AMERICAN DYNASTY SURPLUS LINES INSURANCE COMPANY'S ANSWER TO THIRD-PARTY DEMAND

NOW INTO COURT, through undersigned counsel, comes American Dynasty Surplus Lines Insurance Company (erroneously referred to as "Great American Insurance Company, doing business as American Dynasty Surplus Lines Insurance Company"), and responds to the Third Party Demand of Brister's Thunder Karts, Inc. ("Brister's") as follows:

### FIRST DEFENSE

Brister's Third Party Demand fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

AND NOW, in response to the specific allegations of the Third Party Demand, American Dynasty replies as follows:

1.

American Dynasty admits that it is a foreign corporation. All other allegations contained in paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

American Dynasty admits the issuance of Policy No. TEP891-88-73-00 and TEP218-50-13-00. Further, American Dynasty admits the policy period for TEP891-88-73-00 was July 29, 1996 to July 29, 1997; and the policy period for TEP218-50-13-00 was July 29, 1997 to July 29, 1998. However, American Dynasty specifically pleads that the policy is the best evidence of its contents. As a result, American Dynasty denies any and all allegations which may intend to enlarge, contradict, or contravene the

Adams & Reese
Registered Limited
Liability Partnership
Attorneys and Counselors
At Law
New Orleans, LA

provisions, exclusions or limitations of liability of the policy. Additionally, American Dynasty denies any and all liability whatsoever to third-party plaintiff.

5.

The allegations contained in paragraph 5 are denied. However, American Dynasty admits that Policy No. TEP218-50-13-00 contained a Prior Occurrence Endorsement, the endorsement is the best evidence of its contents. As a result, American Dynasty denies any and all allegations which may intend to enlarge, contradict, or contravene the provisions, exclusions or limitations of liability of the policy.

6.

The allegations contained in paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in paragraph 9 are denied for lack of sufficient information to justify a belief therein.

Adams & Reese
*Registered Limited Liability Partnership*
*Attorneys and Counselors At Law*
New Orleans, LA

10.

The allegations contained in paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph 12 are denied.

13.

American Dynasty admits that there is a controversy as to which insurance policies, if any, might provide coverage to Brister's with respect to the claim and/or in the proceeding or to respond to any judgment that may be entered against Brister's. All other allegations contained in paragraph 13 are denied.

14.

The allegations contained in paragraph 14 do not require an answer of this defendant; but in an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in paragraph 15 do not require an answer of this defendant; but in an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in paragraph 16 do not require an answer of this defendant; but in an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

17.

Out of an abundance of caution, American Dynasty denies any allegations contained in the preamble, prayer or any other parts of Brister's Third Party Demand that have not been specifically addressed above.

### THIRD DEFENSE

American Dynasty pleads each and every, policy provision, condition, requirement or exclusion contained within its policies referenced above as if copied herein *in extenso*.

### FOURTH DEFENSE

There is no coverage for third party plaintiff, Brister's, under the American Dynasty policy, because Brister's had notice of the claim at issue prior to July 29, 1997.

### FIFTH DEFENSE

There is no coverage for Brister's under the American Dynasty policy, because litigation as to the claim in question commenced prior to the coverage period.

### SIXTH DEFENSE

There is no coverage for Brister's under the American Dynasty policy, because the claim in question was first made against Brister's prior to the coverage period.

### SEVENTH DEFENSE

There is no coverage for Brister's under the American Dynasty policy, because the claims at issue are covered by an extended reporting period or similar coverage issued to Brister's pursuant to another "claims made" policy or policies.

### EIGHTH DEFENSE

There is no coverage for Brister's under the American Dynasty policy, because the claims at issue are covered by the terms of other policies of insurance available to Brister's.

### NINTH DEFENSE

There is no coverage for Brister's under the American Dynasty policy, because the claims at issue result from occurrences which the insured had actual or constructive notice of prior to the coverage period.

### TENTH DEFENSE

There is no coverage for Brister's under the American Dynasty policy, because the claims at issue resulted from facts or circumstances which Brister's, prior to the coverage period, had reason to believe could give rise to a claim arising out of the occurrence in question.

### ELEVENTH DEFENSE

There is no coverage for Brister's under the American Dynasty policy, because Brister's failed to notify American Dynasty as soon as practicable, and therefore, American Dynasty's rights are substantially prejudiced.

### TWELFTH DEFENSE

If in the alternative, coverage is afforded under the American Dynasty policy, the "other insurance" provisions of the policy apply, limiting American Dynasty's liability.

### THIRTEENTH DEFENSE

If, in the alternative, coverage is afforded under the American Dynasty policy, the self-insured retention clause of the policy would apply, and American Dynasty would not have any obligations until the self-insured retention was exhausted.

### FOURTEENTH DEFENSE

North American Capacity Insurance Company is estopped from denying coverage; therefore, the terms and conditions of the North American Capacity apply to the claims asserted against Brister's.

WHEREFORE, Third Party Defendant, American Dynasty Surplus Lines Insurance Company, prays that this Answer be deemed good and sufficient and, after due proceedings had, there be judgment rendered in its favor and against Third Party Plaintiff, Brister's Thunder Karts, Inc., dismissing Third Party Plaintiff's claims with prejudice, and for all just and equitable relief, and with all costs to be borne by Third Party Plaintiff.

Respectfully submitted,

ADAMS AND REESE LLP

_____
BRACE B. GODFREY, JR. (No. 16942)
RALPH H. WALL, T.A. (No. 22667)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Attorneys for Third Party Defendant,
American Dynasty Surplus Lines
Insurance Company

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record on this 2 day of January, 2001, by:

( X ) U. S. Mail        ( ) Facsimile        ( ) Hand Delivery

_____
RALPH H. WALL

Adams & Reese
Registered Limited
Liability Partnership
Attorneys and Counselors
At Law
New Orleans, LA

- 8 -