```
                                                FILED
                                           U.S. DISTRICT COURT
                                          EASTERN DISTRICT OF LA

                UNITED STATES DISTRICT COURT    2001 JAN 23  PM 2:01

                EASTERN DISTRICT OF LOUISIANA     LORETTA G. WHYTE
                                                        CLERK
```

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY | * | CIVIL ACTION NO. 00-0429 |
| INSURANCE COMPANY | * | |
| | * | |
| VERSUS | * | JUDGE ELDON E. FALLON |
| | * | |
| BRISTER'S THUNDER KARTS, INC. | * | MAGISTRATE: SECT. L, MAG. 2 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO DISMISS UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**NOW INTO COURT**, through undersigned counsel, comes third party defendant, Palomar Insurance Corporation, who requests dismissal of the Third Party Demand filed against it by third party plaintiff herein, Brister's Thunder Karts, Inc., upon suggesting that the third party plaintiff herein has failed to state a claim upon which relief can be granted.

**WHEREFORE**, third party defendant, Palomar Insurance Corporation, prays that, after due proceedings had, this motion be maintained and judgment rendered, dismissing the third party plaintiff's demand as to this third party defendant, with prejudice, at his cost.

Respectfully submitted,

**BARRY, PICCIONE & DYESS**

_____
STEPHEN R. BARRY (#21465)
*A Professional Law Corporation*
829 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-9322

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each properly addressed and postage prepaid on this __23__ day of __Jan__, 2001.

_____
STEPHEN R. BARRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY<br>INSURANCE COMPANY | * <br> * <br> * | CIVIL ACTION NO. 00-0429 |
| VERSUS | * <br> * | JUDGE ELDON E. FALLON |
| BRISTER'S THUNDER KARTS, INC. | * | MAGISTRATE: SECT. L, MAG. 2 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Third party plaintiff, Brister's Thunder Karts, Inc. ("Brister's"), filed this demand against Great American Insurance Company, doing business as American Dynasty Surplus Lines Insurance Company ("Dynasty"), and also against Palomar Insurance Corporation ("Palomar"). In its demand, Brister's petitions this Court to enter a Declaratory Judgment declaring the rights and obligations of the parties herein to this proceeding, and, alternatively, to enter a judgment against Palomar under a negligence theory should this Court find that neither North American Capacity or Dynasty is obligated to provide insurance coverage to Brister's. Essentially, Brister's wants this Court to award damages against Palomar in this Declaratory Judgment proceeding should it be determined by this Court that no obligation exists to provide insurance coverage to Brister's.

A Declaratory Judgment action does not encompass monetary relief, that is damages, within its scope, but rather only a determination of the rights and obligations of the parties involved. Thus, the third party plaintiff's demand fails to state a claim upon which relief can be granted, and must be dismissed with prejudice under Federal Rule of Civil Procedure 12(B)(6).

## **ARGUMENT**

The Declaratory Judgment is a remedy by which parties may seek a declaration as to their substantive rights. It is not a theory of recovery. See *Commercial Union Insurance Co. v. Walbrook Insurance Co., Ltd.*, 41 F.3rd 764, 775 (1st Cir. 1994). Rather, a Declaratory Judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek coercive remedy. See *Seattle Audubon Society v. Moseley*, 80 F.3rd 1401, 1405 (9th Cir. 1996). *State v. 777 North White Station Road, Memphis, Tennessee*, 937 F.Supp. 1296, 1306 (W.D. Tenn. 1996)(an action for Declaratory Judgment is not an action for relief, but rather is an action asking the Court to answer questions regarding the potential application of law to a given set of facts).

In the matter now before this Court, Brister's demand for declaratory judgment is inappropriate, in that, it seeks relief of this Court to declare Palomar negligent should it be determined that no other party to this proceeding is obligated to provide insurance coverage to Brister's. The demand by Brister's against Palomar is merely clothed as an action for relief based on a negligence theory, and as such this Court cannot award damages to Brister's in this proceeding.

Alternatively, if the facts contained in Brister's Third Party Demand are assumed to be true, Brister's has sustained no damages under a negligence theory because insurance coverage exists as to the claims alleged against Brister's in the pending state court matter. North American Capacity Insurance Company appointed the law firm of Vorhese and Labbe to represent Brister's, and that firm continues to defend Brister's in this matter.

2

Finally, this Court should decline jurisdiction over this proceeding because the matter in controversy between the parties can be fully litigated in the pending state court proceeding. The state court proceedings could determine Palomar's liabiliaty, if any, to Brister's. Determination of an insurer's liability has been held to be seldom helpful when a tort action is pending against an insured in a state court. *Allstate Insurance Company v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990). Fundamentally, a district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort. *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973), citing *Brillhart v. Excess Insurance Company*, 316 US 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). A District Court should consider denying declaratory relief to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation" if "the claims of all parties" can satisfactorily be adjudicated in [the state court] proceeding. See *Brillhart v. Excess Insurance Company*, 316 US 495, 62 S. Ct. 1176. In this case, Brister's is a party to the state court suit, and the issue of insurance coverage may be fully adjudicated in that action. Also these parallel suits will duplicate the litigation of an indemnity issue regarding insurance policies which are governed by Louisiana law.

## CONCLUSION

The third party plaintiff's demand must be dismissed, as he has failed to state a claim upon which relief can be granted.

3

Respectfully submitted,

BARRY, PICCIONE & DYESS

_____
STEPHEN R. BARRY (#21465)
A Professional Law Corporation
829 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-9322

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each via the U.S. Mail, properly addressed and postage prepaid, on this  23  day of  Jan , 2001.

_____
STEPHEN R. BARRY

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY | * * * | CIVIL ACTION NO. 00-0429 |
| VERSUS | * * | JUDGE ELDON E. FALLON |
| BRISTER'S THUNDER KARTS, INC. | * | MAGISTRATE: SECT. L, MAG. 2 |

*********************************************

## NOTICE OF HEARING

Please take notice, that the undersigned will bring the above Motion for hearing before this Court at Room C468, United States Courthouse, 500 Camp Street, New Orleans, Louisiana, on the _14th_ day of _February_, 2001 at _9:00 A_m. of that day or as soon thereafter as counsel can be heard.

Respectfully submitted,

BARRY, PICCIONE & DYESS

_____
STEPHEN R. BARRY (#21465)
*A Professional Law Corporation*
829 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-9322

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each via U.S. Mail, properly addressed and postage prepaid, on this _22_ day of _Jan_, 2001.

_____
STEPHEN R. BARRY