

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY | * | CIVIL ACTION |
| INSURANCE COMPANY | * | |
| | * | NO. 00-0429 |
| | * | |
| VERSUS | * | SECTION "L", MAG. 2 |
| | * | |
| BRISTER'S THUNDER KARTS, INC. | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JOSEPH C. |
| * * * * * * * * * * * * * * * * * * * * | * | WILKINSON, JR. |
| | * | |

## MOTION FOR SUMMARY JUDGMENT

Plaintiff, North American Capacity Insurance Company ("North American"), in accordance with Rule 56 of the Federal Rules of Civil Procedure, moves this court for entry of an order granting summary judgment in its favor and against defendant, Brister's Thunder Karts, Inc. ("Brister's"), as the Policy at issue clearly does not provide coverage for the claims asserted in the matter entitled and captioned *Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their Minor Child, Heather Marie LeBlanc v. Brister's Thunder Karts, et al,* Docket No. 58047-F, 16th Judicial District Court, St. Martin Parish, Louisiana. As shown by the attached memorandum and the exhibits attached thereto, there is no genuine issue as to any material fact and, as a matter of law, North American is entitled to summary judgment in its favor.



WHEREFORE, North American prays that this court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, enter summary judgment in favor of North American, declaring that the North American Policy at issue does not provide coverage to Brister's Thunder Karts, Inc. for the claims asserted by Ray Leblanc on behalf of his minor daughter, Heather Marie Leblanc, at Brister's cost.

OF COUNSEL:

KING, LEBLANC & BLAND, L.L.P.

LINDSAY A. LARSON, T.A. (#08053)
ROBERT J. STEFANI, JR (#19248)
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 582-3800

Attorneys for North American Capacity
Insurance Company

S:\1606\009\ CASES\US DISTRICT COURT\MSJ.MOTION.DOC

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record either by hand delivery or by depositing same in the U.S. Mail, properly addressed and postage prepaid, this __31__ day of January, 2001.

WHEREFORE, North American prays that this court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, enter summary judgment in favor of North American, declaring that the North American Policy at issue does not provide coverage to Brister's Thunder Karts, Inc. for the claims asserted by Ray Leblanc on behalf of his minor daughter, Heather Marie Leblanc, at Brister's cost.

OF COUNSEL:

KING, LEBLANC & BLAND, L.L.P.

LINDSAY A. LARSON, T.A. (#08053)
ROBERT J. STEFANI, JR (#19248)
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 582-3800

Attorneys for North American Capacity
Insurance Company

S:\1606\009\ CASES\US DISTRICT COURT\MSJ.MOTION.DOC

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record either by hand delivery or by depositing same in the U.S. Mail, properly addressed and postage prepaid, this ___2___ day of February, 2001.



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY | * | CIVIL ACTION |
| INSURANCE COMPANY | * | |
| | * | NO.  00-0429 |
| | * | |
| VERSUS | * | SECTION "L", MAG. 2 |
| | * | |
| BRISTER'S THUNDER KARTS, INC. | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JOSEPH C. |
| * * * * * * * * * * * * * * * * * * * * * | * | WILKINSON, JR. |
| | * | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

North American Capacity Insurance Company ("North American"), through undersigned counsel, submits this memorandum in support of North American's motion for summary judgment.  For the reasons set forth below, North American is entitled to summary judgment in its favor and against Brister's Thunder Karts, Inc. ("Brister's"), as the North American insurance policy at issue does not provide coverage for the claims asserted in the matter entitled and captioned *Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their Minor Child, Heather Marie LeBlanc v. Brister's Thunder Karts, et al,* Docket No. 58047-F, 16th Judicial District Court, St. Martin Parish, Louisiana.

**I.**

## FACTUAL AND PROCEDURAL BACKGROUND

North American contends that its policy of insurance issued to Brister's does not provide coverage of the claims of the plaintiff against Brister's in the matter of *Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their Minor Child, Heather Marie LeBlanc v. Brister's Thunder Karts, et al*, Docket No. 58047-F, 16th Judicial District Court, St. Martin Parish, Louisiana (Copies of the Petition and Amended Petition are attached hereto as Exhibit "A1" and "A2").

North American issued Policy No. NAG00200, which is a commercial general liability "claims made" policy to Brister's. ("Policy") (A copy of the Policy is attached hereto as Exhibit "B"). The applicable Policy period is October 12, 1995 through October 12, 1996. The retroactive date is October 12, 1993. The named insured on the Policy is Brister's Thunder Karts, Inc. of Roseland, Louisiana. The Policy affords per occurrence limits of one million dollars for "bodily injury" liability and "property damage" liability. These limits of coverage are subject to a general aggregate limit of two million dollars (other than products-completed operations) and a product-completed operations aggregate limit of two million dollars. The policy also contains a $25,000 per occurrence deductible that applies to "bodily injury" and/or "property damage".

With regard to when a claim is deemed to have been made for purposes of coverage, the policy provides at "Coverage A. Bodily Injury and Property Damage Liability, Subparagraph C":

> A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

2

(1)     When notice of such claim is received and recorded by any insured or by us, whichever comes first; ...

The Policy was cancelled effective July 29, 1996 pursuant to the Notice of Cancellation or Non-Renewal mailed on June 24, 1996 and attached as Exhibit "C" hereto.

The 16th Judicial District Court matter involves a claim for facial injuries that Heather Leblanc allegedly sustained as a result of an accident involving one of the insured's go-carts which had previously been purchased by the plaintiffs. At the time of the accident, Heather, then four years old, was a passenger in the go-cart owned by the family which was being operated by a ten year old friend. The driver of the go-car lost control and collided with a boat trailer parked in the yard. As a result of the collision, Heather sustained trauma to the left side of her face.

The date of loss is May 17, 1996. However, Brister's did not receive notice of the claim until August 20, 1997, and North American did not receive notice of the claim until August 22, 1997, both of which occurred beyond the claims-made policy period. On or about August 25, 1997, North American's claims adjusters appointed Mary Hamilton, Esq. of the law firm of Voorhies and Labbe to protect Brister's interests with respect to the claim, and to answer and defend the claim on behalf of Brister's in the 16th Judicial District Court matter. Despite the fact that North American appointed an attorney to protect Brister's interests with respect to the claim, North American contends that the Policy was cancelled effective July 29, 1996. Thus, the North American Policy does not provide coverage for the claims asserted against Brister's, as neither North American nor

3

Brister's received notice of the claim until August, 1997, more than one year after the claims-made policy had terminated.

## II.

## ARGUMENT AND LAW

A party is entitled to summary judgment upon showing that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986); Topolian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992), reh'g denied 961 F.2d 215, cert. denied 506 U.S. 825; FED. R. CIV. P. 56(c).  To oppose a motion for summary judgment, the non-movant cannot rest on mere allegations or denials, but must set forth specific facts showing that there is a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 321-22, 106 S.Ct. 2548, 2552-53 (1986); Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc., 55 F.3d 181, 184 (5th Cir. 1995); Rule 56(e).  A material fact is any fact "that might affect the outcome of the suit under the governing law."  Anderson, 477 U.S. at 248.  If the non-moving party does not submit evidence of contradictory material facts, the court will not assume that the non-moving party could or would prove the necessary facts to oppose summary judgment.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  Furthermore, where the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's claim.  See Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

In the instant matter, the claim was reported to North American after the expiration of the applicable coverage period and after the policy was cancelled.

Louisiana courts have applied the common law doctrine of waiver in insurance cases and have held that waiver cannot be used to extend insurance coverage to a risk not properly within the limits of the policy as written. *Tate v. Charles Aguillard Ins & Real Estate, Inc.*, 508 So.2d 1371 (La. 1987); *Knighten v. Daniell Battery Manufacturing Company*, 96-0733, 96-0734 (La. App. 1st Cir. 12/20/96), 688 So.2d 1197, 1200-1201. Applying the common law doctrine of waiver in insurance cases, Louisiana courts have held that conditions going to the coverage or scope of a policy of insurance as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action of the insurer.  Waiver cannot be used to extend insurance coverage to a risk not properly within the limits of the policy as written. *See id.*

In the instant matter, the claim was not made within the policy period.  Although North American appointed an attorney to protect Bristers interests with respect to the claim, the failure to deny coverage initially cannot be used to extend insurance coverage to the Leblancs' claim which is not properly within the limits of the policy as written. Simply put, because the claim was made after the effective date of the claims made policy, no action or conduct by North American can provide coverage to the insured Brister's Thunder Karts, Inc. where no coverage existed. *See id.*

Accordingly, the North American Policy does not provide coverage to Brister's Thunder Karts, Inc. for the claims asserted by Ray Leblanc on behalf of his minor daughter, Heather Marie Leblanc.

5

## III.

## CONCLUSION

For the foregoing reasons, North American is entitled to summary judgment as a matter of law against Brister's Thunder Karts, Inc. ("Brister's"), as the Policy clearly does not provide coverage for the claims asserted in the matter entitled and captioned *Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their Minor Child, Heather Marie LeBlanc v. Brister's Thunder Karts, et al,* Docket No. 58047-F, 16th Judicial District Court, St. Martin Parish, Louisiana.

OF COUNSEL:

KING, LEBLANC & BLAND, L.L.P.



LINDSAY A. LARSON, T.A. (#08053)
ROBERT J. STEFANI, JR (#19248)
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 582-3800

Attorneys for North American Capacity
Insurance Company

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record either by hand delivery or by depositing same in the U.S. Mail, properly addressed and postage prepaid, this ___2___ day of February, 2001.

S:\1606\009\ CASES\US DISTRICT COURT\MEM.SUPP.MSJ..DOC

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORTH AMERICAN CAPACITY** | * | **CIVIL ACTION** |
| **INSURANCE COMPANY** | * | |
| | * | **NO.  00-0429** |
| | * | |
| **VERSUS** | * | **SECTION "L", MAG. 2** |
| | * | |
| **BRISTER'S THUNDER KARTS, INC.** | * | **JUDGE ELDON E. FALLON** |
| | * | |
| | * | **MAGISTRATE JOSEPH C.** |
| * * * * * * * * * * * * * * * * * * * * * | * | **WILKINSON, JR.** |
| | * | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH NORTH AMERICAN CAPACITY INSURANCE COMPANY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED

**NOW COMES** Plaintiff, NORTH AMERICAN CAPACITY INSURANCE COMPANY ("North American"), through undersigned counsel, and pursuant to Local Rule 56.1, files this statement of material facts as to which there is no issue to be tried.  North American's Motion for Partial Summary Judgment is based on the position that its policy does not provide coverage for the claims of Plaintiffs in the matter of *Roland J. LeBlanc and Sue LeBlanc, individually and on behalf of their minor child, Heather Marie LeBlanc vs. Bristers Thunder Karts, et. al.*, Docket No. 58047-F, 16th Judicial District Court, St. Martin Parish, Louisiana ("The Claim").

1.  In the Claim Plaintiff's allege that Heather LeBlanc sustained damages as a result of an accident involving a go-cart which had previously been purchased by Plaintiffs from Defendant Brister's Thunder Karts, Inc. ("Brister's").

2.  The date of loss claimed by the Plaintiffs is May 17, 1996.

3.    Previously, North American issued policy number NAG00200, which is a commercial general liability "claims made" policy to Brister's, a true and correct copy of which is attached as Exhibit B to the Memorandum of Law in support of this motion.

4.    The applicable policy period is October 12, 1995 through October 12, 1996.

5.    The named insured on the policy is Brister's Thunder Karts, Inc. of Roseland, Louisiana the Defendant in the claim.

6.    With regard to when a claim is deemed to have been made for the purposes of coverage, the policy provides at "Coverage A Bodily Injury and Property Damage Liability, Subparagraph C":

> A claim made by a person or organization seeking damages will be
> deemed to have been made at the earlier of the following times:
>
> (1)    When notice of such claim is received and recorded by any
>        insured or by us, whichever comes first;...

7.    The policy was cancelled effective June 29, 1996 pursuant to a notice of cancellation or non-renewal mailed to Brister's on June 24, 1996, a true and correct copy of which is attached as Exhibit C to the Memorandum of Law in support of this motion.

8.    Brister's received notice of the LeBlanc claim on August 20, 1997.

9.    North American received notice of the LeBlanc claim on August 22, 1997.


**OF COUNSEL:**

**KING, LEBLANC & BLAND, L.L.P.**

**LINDSAY A. LARSON, T.A. (#08053)**
**ROBERT J. STEFANI, JR (#19248)**
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
**Attorneys for Plaintiff,**
North American Capacity Insurance Company

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record either by hand delivery, by fax or by depositing same in the U.S. Mail, properly addressed and postage prepaid, this ___2___ day of February, 2001.

LINDSAY A. LARSON, III

S:\1606\009\ CASES\US DISTRICT COURT\STATEMENT OF MATERIAL FACTS.DOC

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED