UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 30  PM 12: 54
MAR 3 0 2001
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY<br>INSURANCE COMPANY | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0429 |
| VERSUS | * | |
| | * | SECTION "L", MAG. 2 |
| BRISTER'S THUNDER KARTS, INC. | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JOSEPH C. |
| | * | WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Brister's Thunder Karts, Inc. (Brister's), in accordance with Rule 56 of the

Federal Rules of Civil Procedure, moves this court for entry of an order granting a judgment on

the pleadings in its favor and against third party defendant, Great American Insurance Company,

doing business as American Dynasty Surplus Lines Insurance Company (Great American) and/or

Palomar Insurance Company, in as much as Great American had in force and effect an "claims

made policy" which provided for coverage for the claims asserted in the matter entitled and

captioned Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their Minor Child,

Heather Marie LeBlanc v. Brister's Thunder Karts, et al, Docket No. 58047 - F, 16th Judicial

District Court, St. Martin Parish, Louisiana.  As shown by the attached memorandum and the

exhibits attached thereto, there is no genuine issue as to any material fact and, as a matter of law,

Brister's is entitled to a judgment on the pleadings in its favor.

WHEREFORE, Brister's prays that this court, pursuant to Rule 56 of the Federal Rules of

Civil Procedure, enter judgment on the pleadings in favor of Brister's Thunder Karts, Inc.,

declaring that the Great American Insurance and/or Palomar Insurance Company does in fact have

a policy in force and effect which provides coverage to Brister's Thunder Karts, Inc. for the

claims asserted by Ray LeBlanc on behalf of his minor daughter, Heather Marie LeBlanc, at Great

American's cost.

_____
RICHARD A. SCHWARTZ (Bar # 11853)
P. O. Box 1035
Amite, Louisiana   70422
(985) 748-4693

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been mailed, postage prepaid,

to all counsel of record.

Amite, Louisiana this ___2.1___ day of ____March____, 2001.

_____
Richard A. Schwartz

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY | * | CIVIL ACTION |
| | * | |
| | * | NO.  00-0429 |
| VERSUS | * | |
| | * | SECTION "L", MAG. 2 |
| BRISTER'S THUNDER KARTS, INC. | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JOSEPH C. |
| | * | WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

Brister's Thunder Karts, Inc. ("Brister's"), through undersigned counsel, submits the

following memorandum in support of Brister's motion for judgment on the pleadings.  Brister's is

entitled to judgment on the pleadings in its favor and against Great American Insurance Company,

doing business as American Dynasty, ("Great American") and/or Palomar Insurance Company,

because Great American had in force and effect an insurance policy that was issued to provide

coverage for the claim made by Roland J. LeBlanc on behalf of his minor child, in the matter

entitled and captioned Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their

Minor Child, Heather Marie LeBlanc v. Brister's Thunder Karts, et al, Docket No. 58047 - F, 16th

Judicial District Court, St. Martin Parish, Louisiana.  ("LeBlanc") or based on the failure of

Palomar Insurance Company to notify the proper insurance provider, Palomar Insurance

Company, should be deemed the provider of general liability insurance herein.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Brister's contends that Great American had in force and effect a products liability insurance policy that provided coverage of the claims made by Brister's in the matter of entitled and captioned <u>Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their Minor Child, Heather Marie LeBlanc v. Brister's Thunder Karts, et al</u>, Docket No. 58047 - F, 16th Judicial District Court, St. Martin Parish, Louisiana. (Copies of the Petition and Amended Petition are attached hereto as Exhibit "1" and Exhibit "2").

Great American issued Policy No. TEP 891-88-73-00, (original policy) which is a general liability "claims made policy" to Brister's, to cover the damages sued upon by herein in the LeBlanc suit.  (A copy of the Policy is attached hereto as Exhibit "3").  The claims made policy was to be in effect from July 29, 1996 through July 29, 1997.  On July 29, 1997, Great American issued a renewal policy, Policy No. TEP 218 508-13-00, which was a renewal of TEP 891-88-73-00. This policy was a "claims made policy:" which was in force and effect from July 29, 1997 through July 29, 1998.  (Said policy marked Exhibit "4") (Renewal Policy).  Both policies afford a million dollar products liability, aggregate limit for both bodily injury liability and property damage liability.  Limits of the coverage are subject to an aggregate limit of five million dollars.  The policy also contains a self-insured retention of $50,000.00 per occurrence that applies to both bodily injury and/or property damage.  Policy (1) provides general liability coverage as follows; "it is hereby understood and agreed that the policy shall apply to claims for damages because of bodily injuries or property damage."  To which this insurance applies that are first made against the assured during the period from July 29, 1996, through July 29, 1997, and

2

caused by an occurrence that took place during the period set forth in paragraph "B" below........"
Paragraph "B" states as follows; "the company's liability for the insured's prior occurrences will
not exceed one million dollars per occurrence/ two million general aggregate/ one million."
Products aggregate for occurrences that took place during the period from October 12, 1993,
through October 12, 1995, and one million per occurrence/ two million.  Then general aggregate/
two million.  Products aggregate for the period October 12, 1995, through July 29, 1996,
regardless of the number of one insured's under the policy, ......"    The above quotes are from a
portion of the Policy "1", which is attached and marked "Exhibit 5".

The renewal policy has the following language; "it is hereby understood and agreed that
the policy shall apply to claims for damages because of bodily injuries or property damage.
Period of July 29, 1997 through July 29, 1998, caused by occurrence  that took place during the
period set forth in paragraph "B" below........" Paragraph "B" states as follows; "the company's
liability for the insured's prior occurrences will not exceed one million dollars per occurrence/ two
million general aggregate/ one million."  Products aggregate for an occurrence that took place
during the period from October 12, 1993, to October 12, 1995, and one million per
occurrence/two million general aggregate/two million products aggregate for the period October
12, 1995, through July 29, 1996, regardless of the number insured's under the policy......."  See
attached "Exhibit 6", which is an excerpt from renewal policy.

The general endorsement of the policy indicates that a claim is defined as follows; "claim
means a written notice received by the insured of an intention to hold the insured responsible for
an occurrence covered by this policy and shall include the service of suit or institution of
arbitration proceedings against the insured."  Occurrence "means an accident including continuous

3

and repeated exposure to substantially the same general harmful conditions."

The LeBlanc suit involves a claim for facial injuries that Heather LeBlanc allegedly sustained, as the result of an accident involving one of the insured go-carts, which had been previously purchased by the LeBlanc's. At the time of the accident, Heather LeBlanc, the injured child, was four years old. She was a passenger in a go-cart owned by the family. The go-cart was being operated by a ten year old friend. The driver of the go-cart lost control and struck a boat trailer that was parked in the yard. As a result of the collision, Heather sustained injuries to her face. The date of loss was May 17, 1996. Brister's received notice of the claim on the 19th day of August, 1997, as per return of service marked "Exhibit 7", on the initial suit and Mary Hamilton, attorney representing Brister's, received notice of the amended suit on March 28, 2000, Marked "Exhibit 8". On August 20, 1997, Lynn Graybill, former CEO of Brister's Thunder Karts, sent to Hank Strother of Palomar Insurance Corporation, the petition which he received. The facsimile transmission is marked "Exhibit 9". Palomar acknowledged the receipt of the facsimile transmission through facsimile transmission from Jennifer Miley of claims, to Lynn Graybill. Marked "Exhibit 10". Along with the facsimile transmission she provided a copy of a loss noticed which was faxed to American Marketing Center, doing business as North American Capacity Insurance Company, for their immediate attention. Marked "Exhibit 11". On August 25, 1997, North American Capacity appointed Mary Hamilton, Esquire of the Law Firm of Voorhes' and Labbe, to protect Brister's interest with respect to the claim and employed her to answer and defend the claim on behalf of Brister's in the LeBlanc suit. Mrs. Hamilton has continuously and vigorously defended that claim since the receipt of that suit, as per attached affidavit, marked "Exhibit 12".

4

In spite of the fact that Mrs. Miley incorrectly notified the wrong insurance carrier, Great American was the proper insurance carrier at the time of the filing of the claim against Brister's, furthermore, Great American has suffered no prejudice in any delay which would have occurred as a result of not timely advising them of the suit, in as much as Mrs. Mary Hamilton has vigorously defended the claim since its inception.

Considering the above, Great American should be deemed to be the proper party to have coverage. In the alternative, this court should find that North American Capacity should not provide insurance coverage in this claim as a result of its cancellation effective July 29, 1996, and that Great American should not be obligated to provide coverage for not being timely notified of the claim and Palomar Insurance Company should in fact provide coverage of the incident involving the law claim as a result of its failure to properly notify the correct insurance carrier.

## II.

## <u>ARGUMENT AND LAW</u>

A party is entitled to summary judgment upon showing that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986); <u>Topolian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir. 1992), <u>reh'g</u> <u>denied</u> 961 F.2d 215, <u>cert.</u> <u>denied</u> 506 U.S. 825; FED. R. CIV. P> 56(c). To oppose a motion for a summary judgment, the non-movant cannot rest on mere-allegations or denials, but must set forth specific facts showing that there is a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 217, 321-22, 106 S.Ct. 2548, 2552-53 (1986); <u>Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.</u>, 55 F.3d 181, 184 (5th Cir. 1995); Rule 56(e). A material fact is any fact " that might affect the outcome of the suit under the governing

5

law." <u>Anderson,</u> 477 U.S. at 248.  If the non-moving party does not submit evidence of contradictory material facts, the court will not assume that the non-moving party could or would prove the necessary facts to oppose summary judgment.  <u>See</u> <u>Little v. Liquid Air Corp.,</u> 37 F.3d 1069, 1075 (5th Cir. 1994).  Furthermore, where the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's claim.  <u>See</u> <u>Saunders v. Micheline Tire Corp.,</u> 942 F.2d 299, 301 (5th Cir. 1991).

In the matter before the court, there was in force and effect a policy providing coverage for the occurrence in the <u>LeBlanc</u> suit by Great American.  It is clear and without question that Great American provided coverage at the time the claim was made.  It is also clear that even though the notice to Great American was approximately two years after the claim was made, Great American suffered no prejudice as a result of Mary Hamilton, Esq. vigorous defense of their claim.

Should the court further find that Great American should not be declared to provide coverage as a result of the delay and notification of the claim, then Palomar Insurance Company should be declared to provide coverage as a result of their failure to notify the proper party.

### III.

### <u>CONCLUSION</u>

For the foregoing reasons and attached exhibits, Brister's Thunder Karts, Inc. is entitled to a judgment on the pleadings as a matter of law against Great American as its policies clearly provide coverage for the claims asserted in the matter entitled and captioned <u>Roland J. LeBlanc</u> <u>and Sue LeBlanc, individually and on Behalf of their Minor Child, Heather Marie LeBlanc v.</u>

6

Brister's Thunder Karts, et al, Docket No. 58047 - F, 16th Judicial District Court, St. Martin Parish, Louisiana.

In the alternative, should the court find that Great American should not provide coverage as a result of the delay of their notification of the LeBlanc claim then the court should grant declaratory judgment declaring Palomar Insurance Company as the insurance provider to cover the claims asserted in the matter entitled and captioned Roland J. LeBlanc and Sue LeBlanc, individually and on Behalf of their Minor Child, Heather Marie LeBlanc v. Brister's Thunder Karts, et al, Docket No. 58047 - F, 16th Judicial District Court, St. Martin Parish, Louisiana.

_____

RICHARD A. SCHWARTZ (Bar # 11853)
P. O. Box 1035
Amite, Louisiana   70422
(985) 748-4693

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been mailed, postage prepaid, to all counsel of record.

Amite, Louisiana this _____ 21 _____ day of _____ MARCH _____, 2001.

_____

Richard A. Schwartz

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY | * | CIVIL ACTION |
| INSURANCE COMPANY | * | |
| | * | NO.  00-0429 |
| VERSUS | * | |
| | * | SECTION "L", MAG. 2 |
| BRISTER'S THUNDER KARTS, INC. | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * |  MAGISTRATE JOSEPH C. |
| | * | WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

**TO:**   Lindsay A. Larson, T.A.
Robert J. Stefani, Jr.
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170

Stephen R. Barry, Esq.
Barry & Piccione
829 Baronne Street
New Orleans, Louisiana 70113

Ralph H. Wall, Esq.
4500 One Shell Square
New Orleans, Louisiana 70139

PLEASE TAKE NOTICE that the Motion for Judgment on Pleadings filed by Brister's

Thunder Karts, Inc. is set for hearing before the Honorable Eldon E. Fallon, on the 25th day of

April, 2001, at 9 o'clock a.m., 500 Camp Street, New Orleans, Louisiana.

RICHARD A. SCHWARTZ (Bar # 11853)
P. O. Box 1035
Amite, Louisiana   70422
(985) 748-4693

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been mailed, postage prepaid, to all counsel of record.

Amite, Louisiana this ___27___ day of ___MARCH___, 2001.

_____
Richard A. Schwartz

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**