FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 17 PM 4: 24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY | * * * | CIVIL ACTION |
| | * | NO. 00-0429 |
| VERSUS | * * | SECTION "L", MAG.2 |
| BRISTER'S THUNDER KARTS. | * * | JUDGE ELDON E. FALLON |
| INC. | * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMERICAN DYNASTY'S MEMORANDUM IN OPPOSITION TO BRISTER'S THUNDER KARTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, comes American Dynasty, who respectfully submits this memorandum in opposition to Bristers' Thunder Karts' (hereinafter Thunder Karts) Motion For Judgment On The Pleadings on the basis that North American Insurance's policy provides primary coverage to the claims against Thunder Karts Thunder Karts.

I.  **North American's Insurance Policy Provides Primary Insurance To Thunder Karts For Plaintiffs' Claims.**

Thunder Karts' Motion for Judgment on the pleadings requests the Court to declare that one of three entities, North American, Palomar, or American Dynasty, provides coverage to Thunder Karts. American Dynasty, in its opposition to North American's summary judgment, established that North American's policy provides coverage to Thunder Karts. Thunder Karts contends that American Dynasty's policy also extends coverage because Thunder Karts

1

was notified of the claim during the effective dates of American Dynasty's Prior Occurrence Endorsement. American Dynasty does not dispute Thunder Karts' contention. However, as indicated by the following language, American Dynasty's policy is inapplicable when other insurance is available:

### PRIOR OCCURRENCE ENDORSEMENT

> C. The coverage for prior occurrences provided by this endorsement **shall not apply** to:
>
> 4) Any claims covered by the terms of **any other policy of insurance available to the insured**.
>
> 5) Any claims either covered by the terms of any other policy available to the insured, but for the exhaustion of limits under such policy, or falling within a deductible or self-insured retention.[1]

Louisiana jurisprudence defines this type of provision as an "escape clause."[2] An escape clause makes coverage inapplicable if other insurance is available.[3]

As American Dynasty established in its opposition to North American's Motion for Summary Judgment, North American's policy provides primary coverage to the claims made against Thunder Karts. Thus, other insurance is available to Thunder Karts, triggering the escape clause in American Dynasty's policy. Accordingly, American Dynasty's policy is inapplicable.

---

[1] See: American Dynasty Insurance Policy attached as Exhibit 3 to Bristers Motion For Judgment on the Pleadings and attached Exhibit A, American Dynasty Insurance Prior Occurrence Endorsement.
[2] See: McKenzie & Johnson, Insurance Law and Practice, 15 Louisiana Civil Law Treatise Sec. 228, at 499 (2nd ed. 1996).

2

## A. American Dynasty's Escape Clause Renders The Policy Inapplicable Despite North American's Pro Rata Clause.

North America's policy also contains a provision regarding other available insurance. The provision provides in pertinent part:

a. Primary Insurance

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all of the other insurance by the method described in c. below.

\* \* \*

c. Method of Sharing

If any other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limits of all insurers.[4]

Louisiana jurisprudence defines this type of a provision as a "pro rata" clause because it provides sharing the responsibility by equal shares or according to policy limits when both insurance coverages apply on the same basis.[5] Under Louisiana law, escape clauses and pro rata clauses do not cancel each other out; in fact, the law states, "when each is given effect

---

[3] See: *Citgo Petroleum Corp. v. Yeargin, Inc.*, 95-1574 (La.App. 3rd Cir. 2/19/97), 690 So.2d 154.
[4] See: North American Insurance policy attached to North American's Original Complaint For Declaratory Judgment and attached Exhibit B, portion of North American Insurance Policy containing "pro rata" clause.
[5] See: McKenzie & Johnson, Insurance Law and Practice, 15 Louisiana Civil Law Treatise Sec. 228, at 499 (2nd ed. 1996); *Citgo Petroleum Corp. v. Yeargin, Inc.*, 95-1574 (La.App. 3rd Cir. 2/19/97), 690 So.2d 194.

3

in accordance with its particular language, **the policy with the escape clause is allowed to escape coverage and the policy with the pro rata clause is burdened with the full extent of the loss.**"[6]

Several cases have analyzed similar clauses and reached the same conclusion.[7] Each of the cases involved two applicable policies that contained similar "escape" and "pro rata" clauses to the ones at issue in this case. In all of the cases, the courts' held that the policy with the pro rata clause provided coverage and the policy with the escape clause was inapplicable.[8] Accordingly, the escape clause in American Dynasty's policy allows the policy to escape coverage and North American's policy as a matter of law, provides primary coverage to Thunder Karts.

### III. Conclusion

Thunder Karts's Motion for Judgment on the Pleadings requests the Court to declare that either North American, Palomar, or American Dynasty provide coverage to Thunder Karts. North American's policy extends coverage to Thunder Karts because it waited three years to deny coverage even though it knew coverage failed to exist the entire time. Although, the claims against Thunder Karts occurred during the effective dates of American Dynasty's Prior Occurrence Endorsement; the same Endorsement contains an escape clause making American Dynasty's policy inapplicable when other insurance is available. Louisiana law states that when two policies provide coverage, one with a "pro rata" clause and the other with an "escape clause", the policy with

---

[6] *Citgo Petroleum Corp. v. Yeargin, Inc.*, 95-1574 (La.App. 3rd Cir. 2/19/97), 690 So.2d 154,169.
[7] See: *Efferson v. Kaiser Aluminum &Chemical Corp.*, 816 F.Supp. 1103 (E.D.La. 1993); *Layton v. Land & Marine Applicators, Inc.*, 522 F.Supp. 679 (E.D.La. 1981); *Viger v. Geophysical Services, Inc.*, 338 F.Supp. 808 (W.D.La. 1972).

4

the "pro rata" clause applies. Accordingly, American Dynasty's policy does not apply because North American's policy provides primary insurance to Thunder Karts.

This Court should declare that North American's policy provides primary coverage to the claims against Thunder Karts and that the American Dynasty policy is inapplicable. Accordingly, Thunder Karts's Motion seeking to confer coverage on American Dynasty should be denied.

Respectfully submitted,

ADAMS AND REESE LLP

_____
Ralph H. Wall (#22667)
Christopher A. D'Amour (#26252)
4500 One Shell Square
New Orleans, LA  70139
(504) 581-3234

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served upon all counsel of record by placing a copy of same in the U. S. mail, postage prepaid, this ___17___ day of April, 2001.

_____
CHRISTOPHER A. D'AMOUR

---

[8] Id.

C-*T1*08/29/97*TEP2185013-00
0270112

GREAT AMERICAN INSURANCE COMPANIES
ADMINISTRATIVE OFFICES
580 WALNUT STREET
CINCINNATI OHIO 45202
TEL 1 513 369 5000

TAU 2500 (Ed. 08

Policy No. TEP 218-50-13 -
Renewal Of TEP 891-88-73 -

## COMMERCIAL GENERAL LIABILITY POLICY DECLARATIONS PAGE

NAMED INSURED AND ADDRESS:
BRISTER'S THUNDER KARTS, INC.
(SEE ENDORSEMENT 1)
109 NORTHPARK BLVD., SUITE 210
COVINGTON, LA             70433

POLICY PERIOD:
12:01 A.M. Standard Time at th
address of the Named Insured
shown at left
From: 07/29/97     To: 07/29/98

IN RETURN FOR PAYMENT OF THE PREMIUM,
AND SUBJECT TO ALL TERMS OF THIS
POLICY, WE AGREE WITH YOU TO PROVIDE
THE INSURANCE AS STATED IN THIS
POLICY.

AGENT'S NAME AND ADDRESS:
REPATH ASSOCIATION
4301 HILLSBORO RD, 314
NASHVILLE          TN    37215

Insurance is afforded by **AMERICAN DYNASTY SURPLUS LINES INSURANCE COMPANY**
(a capital stock corporation, hereinafter called Insurer)

LIMITS OF INSURANCE:

| | |
|---|---|
| Products-Completed Operations Aggregate Limit | $ 2,000,000. |
| General Aggregate Limit | $ 2,000,000. |
| Personal and Advertising Injury Limit | $ 1,000,000. |
| Each Occurrence Limit | $ 1,000,000. |
| Fire Damage Limit | $ EXCLUDED    Any One Fire |
| Medical Expense Limit | $ EXCLUDED    Any One Pers |

DEDUCTIBLE:   $ N/A              SELF-INSURED RETENTION:   $ SEE ENDT 2

DESCRIPTION OF BUSINESS:

Form of Business:   ( ) Individual  ( ) Joint Venture  ( ) Partnership
                    (X) Organization (other than partnership or joint ventur

Business Description:

Location of All premises you Own, Rent or Occupy:

PREMIUM:

| Classification | Code No. | Premium Basis | Rates | Advance Premi |
|---|---|---|---|---|
| GO-KARTS MANUFACTURER | 54444 | PER $1000 RECEIPTS ESTIMATED ANNUAL RECEIPTS $9,000,000. | $29.00 | $261,000. |


DEFENDANT'S EXHIBIT A

Total Advance Premium $ 261,000.

Premium shown $ 234,900.   is the annual minimum ███████ premium and is
payable at inception.

TAU 2500 (Ed. 08/94) PRO

GREAT AMERICAN INSURANCE COMPANIES
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

# GENERAL ENDORSEMENT

PRIOR OCCURRENCE ENDORSEMENT

THIS ENDORSMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERICIAL GENERAL LIAIBLITY COVERAGE FORM
PRODUCTS/COMPLETED OPERATIONS LIALBITY COVERAGE FORM

A. IT IS HEREBY UNDERSTOOD AND AGREED THAT THE POLICY SHALL APPLY TO CLAIMS FOR DAMAGES BECAUSE OF "BODILY INJURY" OR "PROPERTY DAMAGE" TO WHICH THIS INSURANCE APPLIES THAT ARE FIRST MADE AGAINST THE INSURED DURING THE PERIOD FROM 7/29/97 TO 7/29/98 AND CAUSED BY AN OCCURRENCE THAT TOOK PLACE DURING THE PERIOD SET FORTH IN PARAGRAPH B. BELOW (12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE INSURED STATED IN THE DECLARATIONS) (HEREINAFTER "PRIOR OCCURRENCES") AND SUBJECT OTHERWISE TO THE TERMS, LIMITATIONS, EXCLUSIONS, AND CONDITIONS OF THIS POLICY.

B. THE COMPANY'S LIABILITY FOR THE INSURED'S PRIOR OCCURRENCES SHALL NOT EXCEED $1,000,000. PER OCCURRENCE/ $2,000,000. GENERAL AGGREGATE/ $1,000,000. PRODUCTS AGGREGATE FOR OCCURRENCE THAT TOOK PLACE DURING THE PERIOD FORM 10/12/93 TO 10/12/95, AND $1,000,000. PER OCCURRENCE/ $2,000,000. GENERAL AGGREAGE/ $2,000,000. PRODUCTS AGGREGATE FOR THE PERIOD 10/12/95 TO 7/29/96, REGARDLESS OF THE NUMBER OF (1) INSUREDS UNDER THE POLICY, (2) PERSONS OR ORGANIZATIONS THAT SUSTAIN DAMAGE OR INJURY, OR (3) CLAIMS MADE OR SUITS BROUHGT IN RESPECT OF SUCH PRIOR OCCURRENCES, THE COMPANY'S LIABILITY FOR SUCH PRIOR OCCURRENCES SHALL BE INCLUDED WITHIN, AND NOT IN ADDITION TO, THE LIMITS OF LIABILITY STATED IN THE DECLARATIONS TO THE POLICY AND ANY LIABILITY PAYMENT BY THE COMPAN REDUCES THE LIMITS OF LIABILITY STATED IN THE DECLARATIONS TO THE POLICY.

C. THE COVERAGE FOR PRIOR OCCURRENCES PROVIDED BY THIS ENDORSEMENT SHALL NOT APPLY TO:

1. CLAIMS ARISING FROM ANY LITIGATION COMMENCED PRIOR TO THE POLICY PERIOD, REGARDLESS OF WHETHER THE INSURED WAS NAMED A PARTY THERETO WHEN SUCH LITIGATION WAS COMMENCED.

2. ANY CLIAMS FIRST MADE AGAINST THE INSURED PRIOR TO THE POLICY PERIOD.

3. ANY CLIAMS WHICH ARE COVERED BY ANY EXTENDED REPORTING PERIOD OR SILILAR COVERAGE ISSUED TO THE INSURED PURSUANT TO ANY OTHER CLAIMS - MADE POLICY.

4. ANY CLIAMS COVERED BY THE TERMS OF ANY OTHER POLICY OF INSURANCE AVAILABLE TO THE INSURED.

5. ANY CLAIMS EITHER COVERED BY THE TERMS OF ANY OTHER POLICY AVAILABLE TO THE INSURED, BUT FOR THE EXHAUSTION OF LIMITS UNDER SUCH POLICY, OR FALLING WITHIN A DEDUCTIBLE OR SELF - INSURED RETENTION.

# NORTH AMERICAN CAPACITY
## *Insurance Company*

### COMMERCIAL GENERAL LIABILITY DECLARATIONS
### CLAIMS MADE

POLICY NUMBER: NAG002000            RENEWAL OF   NEW
PRODUCER NAME: AMERICAN MARKETING CENTER S E, INC
ADDRESS: 732 HOLCOMB BRIDGE ROAD NORCROSS, GA 30071

ITEM 1   NAMED INSURED   BRISTER'S THUNDER KARTS, INC.
         ADDRESS:  P.O. BOX 324 ROSELAND, LA 70456

BUSINESS OF NAMED INSURED   GO KARTS/MOWER MANUFACTURER

ITEM 2   POLICY PERIOD: FROM ___10/12/95___ TO ___10/12/96___ AT
         RETROACTIVE DATE: ___10/12/93___

12:01 A.M STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED SHOWN ABOVE

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY,
WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

ITEM 3   LIMITS OF INSURANCE

The Limits of Insurance, subject to all the terms of this policy, are:

| | | |
|---|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | $2,000,000 | |
| Products-Completed Operations Aggregate Limit | $2,000,000 | |
| Personal and Advertising Injury Limit | $1,000,000 | |
| Each Occurrence Limit | $1,000,000 | |
| Fire Damage Limit | $50,000 | Any One Fire |
| Medical Expense Limit | NIL | Any One Person |

$25,000 PER OCC   Deductible        N/A        Self Insured Retention

ITEM 4   PREMIUM COMPUTATION

| ESTIMATED EXPOSURE | RATE/PER | ADVANCE PREMIUM | MINIMUM & DEPOSIT PREMIUM |
|---|---|---|---|
| $5,500,000 | $26.364 PER $1,000 OF RECEIPTS | $145,000.00 | $145,000.00 |

ITEM 5   FORMS AND ENDORSEMENTS ATTACHED

See Schedule of Endorsements/Forms attached

COUNTERSIGNED ___10/12/95___ BY ___[signature: Robert B___]___

NAC-URC-002 (07/95)


DEFENDANT'S EXHIBIT 13

CERTIFIED COPY

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

5. **Premium Audit.**

a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.

b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period.

Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

6. **Representations.**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon representations you made to us; and

c. We have issued this policy in reliance upon your representations

7. **Separation Of Insureds.**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

8. **Transfer Of Rights Of Recovery Against Others To Us.**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

9. **When We Do Not Renew.**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

10. **Your Right to Claim and "Occurrence" Information.**

We will provide the first Named Insured shown in the Declarations the following information relating to this and any preceding general liability claims-made Coverage Part we have issued to you during the previous three years:

a. A list or other record of each "occurrence", not previously reported to any other insurer, of which we were notified in accordance with paragraph 2.a. of the DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT Condition in COMMERCIAL GENERAL LIABILITY CONDITIONS (Section IV). We will include the date and brief description of the "occurrence" if that information was in the notice we received.

b. A summary by policy year, of payments made and amounts reserved, stated separately, under any applicable General Aggregate Limit and Products-Completed Operations Aggregate Limit.